RILEY A. CLAYTON
Nevada Bar No. 005260
rclayton@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 PEAK DRIVE
LAS VEGAS, NEVADA 89128
(702) 316-4111
FAX (702)316-4114

Attorneys for Defendant, *State Farm Mutual Automobile Insurance Company*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THERESA GILLOCK,<br><br>           Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Corporation; DOES I-X, inclusive; ROE CORPORATIONS I-X, inclusive,<br><br>           Defendants. | CASE NO.:   2:21-cv-01782-JCM-VCF<br><br>**STIPULATION AND ORDER FOR DISMISSAL WITH PREJUDICE OF ANY EXTRA-CONTRACTUAL CLAIMS, CAP ON DAMAGES, AND REMAND TO STATE COURT** |

This Stipulation and Order for Dismissal With Prejudice of Any Extra-Contractual Claims, Cap On Damages, And Remand to State Court (hereinafter "Agreement") is entered into by Plaintiff, Theresa Gillock ("Plaintiff"), and Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), (collectively referred to as the "Parties"), as an alternative method of resolving a dispute that has arisen from a motor vehicle accident that occurred on August 18, 2019, which resulted in certain claims being filed by Plaintiff against State Farm, and which culminated in a lawsuit styled *Theresa Gillock v. State Farm Mutual Automobile Insurance Company*, currently pending in the United States District Court, District of Nevada, Case No. 2:21-cv-01782-JCM-VCF.  Plaintiff is represented by Deaver Crafton; State Farm is represented by Hall Jaffe & Clayton, LLP.

The following terms and conditions of this Agreement will become effective upon the signature by the Parties and the execution and filing of the same by this Court.

1. State Farm has issued a policy of automobile insurance to Gerald and Theresa Gillock covering a 2016 Porsche Panamera, and which provided, among other coverages, Underinsured Motor Vehicle coverage ("UIM"), to Plaintiff. The policy provides UIM limits of $250,000 "each person" for any single accident, subject to all terms, conditions, limitations of the policy and any applicable offsets. The offsets in this case include a $25,000 bodily injury liability payment from the tortfeasor.

2. In exchange for State Farm's agreement to allow this case to be remanded to state court, Plaintiff has agreed to dismiss, with prejudice, any/all extra-contractual claims that have been asserted or could be asserted against State Farm, including but not limited to claims for bad faith/breach of the implied covenant of good faith and fair dealing, violations of NRS 686A.310, Nevada's Unfair Claims Practices Act, etc., including any and all associated damages, whether incidental, consequential, punitive, or otherwise, noting that all such extra-contractual claims and damages would be dismissed with prejudice, and any remaining UIM contractual damages would be capped at $75,000 per this Agreement.

3. Nothing in this Agreement will affect Plaintiff's ability to pursue contractual entitlement to UIM coverage up to a total of $75,000 in UIM coverage once the matter is remanded to state court.

4. Once this Agreement is signed and filed in the U.S. District Court, District of Nevada, the lawsuit will then be remanded and returned to the Clark County, Nevada, Eighth Judicial District Court, and will be reinstated under the same case number (A-21-840007-C) and assigned to the same judicial department, Department 26, as it was prior to the removal of the case to this Court.

5. By virtue of this Agreement, the maximum amount that State Farm would ever be required to pay Plaintiff is $75,000 in UIM money. By way of example only, if a jury were to conclude that the total value of Plaintiff's claim for the accident was $200,000.00, then State Farm would still only be obligated to the maximum amount allowable under this Agreement, i.e.,

$75,000.00 in UIM money. In other words, any awarded amount over the amount of the underlying offsets ($25,000) and the amount of the cap on damages of $75,000 in UIM money under this Agreement is otherwise discharged/eliminated by operation of law through this Agreement, and the most that State Farm would be obligated to pay is up to $75,000.00 in UIM money.

6. Because of the cap on damages of $75,000.00, the U.S. District Court, District of Nevada, would no longer have jurisdiction over the matter, thereby allowing this case to be remanded to state court.

7. The parties agree that once the case is remanded to state court, they will work with reasonable diligence to place the matter on the state court's docket to allow it to otherwise move forward, and State Farm may challenge any attempt by Plaintiff to exempt this case from Nevada's mandatory court-annexed arbitration program.

8. The terms and conditions of this agreement may be modified upon the written and mutual agreement of the Parties.

| Dated March 1, 2022 | Dated March 1, 2022 |
|---|---|
| HALL JAFFE & CLAYTON, LLP | DEAVER CRAFTON |
| */s/ Riley A. Clayton* | */s/ Brice J. Crafton* |
| _____ | _____ |
| RILEY A. CLAYTON<br>Nevada Bar No. 005260<br>7425 Peak Drive<br>Las Vegas, Nevada 89128<br>*Attorneys for Defendant, State Farm Mutual Automobile Insurance Company* | NATHAN S. DEAVER<br>Nevada Bar No. 11947<br>BRICE J. CRAFTON<br>Nevada Bar No. 10558<br>810 E. Charleston Blvd.<br>Las Vegas, NV 89104<br>*Attorneys for Plaintiff, Theresa Gillock* |

**O R D E R**

**IT IS SO ORDERED.**

Dated: _____March 4, 2022_____

_____
**UNITED STATES DISTRICT COURT JUDGE**

PAGE 3 OF 4

**CERTIFICATION OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that I am an employee of HALL JAFFE & CLAYTON, LLP and on the 1st day of March, 2022, I served the foregoing **STIPULATION AND ORDER FOR DISMISSAL WITH PREJUDICE OF ANY EXTRA-CONTRACTUAL CLAIMS, CAP ON DAMAGES, AND REMAND TO STATE COURT** on the following parties by electronic transmission through the Court's e-filing and service program, addressed to the following:

Nathan S. Deaver, Esq.
Brice J. Crafton, Esq.
DEAVER CRAFTON
810 E. Charleston Blvd.
Las Vegas, NV 89104
*Attorneys for Plaintiff*

*/s/ Kelli Wightman*

_____
An Employee of
HALL JAFFE & CLAYTON, LLP